Ramiro Morales
State Bar No. 7101
MORALES FIERRO & REEVES
600 S. Tonopah Drive, Suite 300
Las Vegas, NV 89106
Tel: (702) 699-7822
Fax: (702) 699-9455
rmorales@mfrlegal.com

Attorneys for Plaintiff
MAXUM INDEMNITY COMPANY

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA, NORTHERN DIVISION

| | |
|---|---|
| MAXUM INDEMNITY COMPANY, a Delaware corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>BLUE 3 PRODUCTIONS, INC., a Nevada Corporation, CHRISTOPHER CHAPMAN, an individual,<br><br>    Defendants. | CASE NO.: 3:13-cv-00218-RCJ-VPC<br><br>**JOINT REQUEST FOR ENTRY OF SUMMARY JUDGMENT ON PLAINTIFF MAXUM INDEMNITY COMPANY'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO STIPULATED FINDINGS OF FACT AND CONCLUSIONS OF LAW** |

Plaintiff MAXUM INDEMNITY COMPANY ("Maxum") and Defendant CHRISTOPHER CHAPMAN ("Chapman") (hereafter collectively the "Stipulating Parties") do hereby jointly request that this Court enter Summary Judgment in favor of Maxum, consistent with the following stipulated findings of fact and conclusions of law.

As grounds for this Joint Request for Entry of Summary Judgment, the Stipulating Parties hereby stipulate and agree to the following findings of fact and conclusions of law:

## STIPULATED FINDINGS OF FACT

1. Maxum filed a Complaint for Declaratory Relief and Reformation (Doc. 1) on April 26, 2013 against defendants, including Chapman. In the Complaint for Declaratory Relief and Reformation, Maxum sought a judicial declaration that Policy No. BDG 0016390-04 (attached to

1 Maxum's Complaint as Exhibit D (Doc. 1-4)), issued by Maxum to Blue 3 for the period August 30, 2009 to August 30, 2010 contained a typographical error, resulting in an incorrect statement of the products-completed operations aggregate limit as one million dollars ($1,000,000) and two million dollars ($2,000,000) for the each occurrence limit.  The mutual intent of both Maxum and Blue 3 was for that policy to provide a products-completed operations aggregate limit of two million dollars ($2,000,000) and a limit of one million dollars ($1,000,000) for each occurrence.

2. Maxum and Blue 3 entered into a Stipulation wherein they both agreed that the mistake in the Maxum Policy No. BDG 0016390-04 was mutual and that they both intended for that policy to provide a products-completed operations aggregate limit of two million dollars ($2,000,000) and a limit of one million dollars ($1,000,000) for each occurrence.  Maxum and Blue 3 further agreed to voluntarily reform the Maxum Policy to reflect their mutual intent in this regard.

3. On July 10, 2013, this Court entered an Order confirming the Stipulation entered into between Maxum and Blue 3 to reform the Maxum Policy No. BDG 0016390-04 to correct the mutual mistake contained therein so that the Maxum Policy would provide a products-completed operations aggregate limit of two million dollars ($2,000,000) and a limit of one million dollars ($1,000,000) for each occurrence.  As part of that Stipulation, defendant Blue 3 was dismissed from the present action.

4. Maxum Policy No. BDG 0016390-04 was subsequently reformed so that it now provides a products-completed operations aggregate limit of two million dollars ($2,000,000) and a limit of one million dollars ($1,000,000) for each occurrence.

5. Following reformation of the Maxum Policy No. BDG 0016390-04 and dismissal of defendant Blue 3, the only remaining cause of action between Maxum and defendant Chapman was Maxum's declaratory relief cause of action.  Maxum's declaratory relief cause of action specifically sought a declaration from this Court that the Maxum Policy, as reformed, was binding as to all third-party claimants including defendant Chapman in the underlying action.

6. On December 18, 2013, Maxum filed a Motion for Summary Judgment which included the following undisputed facts:

      a.    Maxum Indemnity Company issued policy no. BDG 0016390-04, effective 8/30/09 to 8/30/10, to its named insured is Blue 3 Productions, Inc.

      b.    The limits of insurance listed in the declarations are stated as $2,000,000 general aggregate (other than products-completed operations), $1,000,000 products-completed operations aggregate, and $2,000,000 each occurrence.

      c.    The application for insurance submitted by Blue 3 requested limits for the 09-10 policy of $2,000,000 general aggregate, $2,000,000 products-completed operations aggregate and $1,000,000 each occurrence.

      d.    On August 12, 2009, in response to the application, Western Special Risks ("Western") faxed Blue 3 a quote for the general liability insurance wherein the limits of insurance were mistakenly stated as $2,000,000 general aggregate, $1,000,000 products completed operations aggregate, and $2,000,000 each occurrence.

      e.    Maxum inadvertently incorporated the mistake in the Western Quote into the 09-10 policy it issued to Blue 3 on or around August 30, 2009 so that the limits of insurance listed in that policy are mistakenly stated as $2,000,000 general aggregate, $1,000,000 products-completed operations aggregate, and $2,000,000 for each occurrence.

      f.    On February 8, 2013, Western contacted Maxum and confirmed that the policy was mistakenly issued with the wrong limits, and that the each occurrence limit should have been $1,000,000 and the products-completed operations aggregate limit $2,000,000, rather than the other way around as they appear in the policy as written.

      g.    The American Alternative Insurance Corporation ("AAIC") Excess Policy issued to Blue 3 for the policy year 2009-2010 identifies the underlying Maxum policy as providing $1,000,000 for each occurrence, a $2,000,000 general aggregate and $2 million for the products-completed operations aggregate.

      h.    On or about February 17, 2012, Defendant Chapman filed a complaint seeking to recover for personal injuries he suffered at the "Reno Run Amuck Race" in Reno, Nevada.  That complaint is entitled <u>Christopher Chapman vs. The City of Reno, Reno River Festival, LLC, Signature Landscapes, LLC; Signature Landscapes Sierra, The Bauserman</u>

1 *Group, LLC; Reno River Foundation, Inc.; Blue 3 Productions, Inc.; et al*, Washoe County District Court Case No. CV12-00410 (the "Suit") and names Blue 3 as a defendant. That complaint alleges that on or about May 8, 2010 Chapman was injured while running the race.

    i. On or around February 5, 2013, while Maxum was in the process of investigating Chapman's claims against Blue 3, Maxum received a copy of the excess policy issued to Blue 3 for the 2009-2010 policy period.

    j. Upon review of that excess policy, Maxum noted a discrepancy between the limits shown in the Maxum policy and the underlying limits stated in the excess policy.

    k. Maxum contacted Western to inquire about that discrepancy. On or around February 8, 2013, Western contacted Maxum and confirmed the mistake in the 09-10 Maxum policy. Maxum further confirmed that the policy should have provided limits of $1,000,000 for each occurrence and $2,000,000 for the products-completed operations aggregate, rather than the other way around as they appear in the original policy.

    l. The present action was filed on April 26, 2013.

    m. The Maxum policy was subsequently reformed.

    n. Defendant Chapman does not dispute that a mutual mistake occurred and that the parties to the contract, Maxum and Blue 3, agreed to correct the mistake by voluntarily reforming the policy.

    o. Defendant Chapman asserted a single affirmative defense based on the three (3) year statute of limitations provided in N.R.S. §11.190(3)(d).

### STIPULATED CONCLUSIONS OF LAW

1. An insurance policy can be voluntarily reformed by the parties thereto where the mistake contained therein is mutual. *Maland v. Houston Fire & Cas. Ins. Co. of Fort Worth, Texas*, 274 F.2d 299, 303 (9th Cir. 1960).

2. Where an insurance policy is voluntarily reformed based on the mutual mistake of the parties, that reformed policy is binding and enforceable against all third-party claimants, including claims which were pending before the mistake was discovered. *Great Atlantic Ins. Co. v.*

1  *Liberty Mut. Ins. Co.*, 773 F.2d 976, 980 (8th Cir. 1985); *L.E. Myers Co. v. Harbor Ins. Co.*, 67
2  Ill.App.3d 496, 503 (1978); *Truck Ins. Exch. v. Wilshire Ins. Co.*, 8 Cal.App.3d 553, 559 (1970).
3      3.    The three (3) year statute of limitations provided in Nevada Revised Statute
4  §11.190(3)(d) does not apply to Maxum's declaratory relief cause of action.
5      4.    The present action was timely filed because Maxum discovered the mistake in the
6  Maxum Policy in February 2013 and the present action was filed in April 2013.
7      5.    Because Maxum and Blue 3 agreed to voluntarily reform the Maxum Policy No.
8  BDG 0016390-04 based on their mutual mistake, that reformed policy is now binding and
9  enforceable against all third-party claimants, including the claims asserted by defendant Chapman
10 in the underlying Chapman Action.
11     6.    Because Maxum and Blue 3 agreed to voluntarily reform the Maxum Policy No.
12 BDG 0016390-04 based on their mutual mistake, that policy now provides a products-completed
13 operations aggregate limit of $2,000,000 and a $1,000,000 limit for each occurrence for all third-
14 party claims, including those asserted by defendant Chapman against Blue 3 in the underlying
15 Chapman Action.
16     Therefore, the Stipulating Parties, by their respective attorneys, hereby stipulate, agree, and
17 jointly request that this Court enter Summary Judgment in favor of Plaintiff Maxum on its Motion
18 for Summary Judgment regarding its declaratory relief cause of action. The Stipulating Parties base
19 this joint request on the above stipulated findings of fact and conclusions of law.
20     The Stipulating Parties have agreed to this Joint Request for Entry of Judgment in favor of
21 Maxum and do so freely and voluntarily after consulting with adequate legal counsel of their
22 choice.
23     The Stipulating Parties have agreed that each party shall assume and bear their own
24 attorneys' fees, costs and expenses in connection with this case.
25 ///
26 ///
27 ///
28

WHEREFORE, the Parties respectfully request that the Court grant this Joint Request for Entry of Summary Judgment in favor of Plaintiff Maxum.

IT IS SO STIPULATED.

DATED: January 3, 2014         MORALES FIERRO & REEVES

By: */s/ Ramiro Morales*
RAMIRO MORALES
Attorneys for Plaintiff
MAXUM INDEMNITY COMPANY

DATED: January 3, 2014         THE LAW OFFICE OF STEVEN P. BRAZELTON

By: */s/ Steven P. Brazelton*
STEVEN P. BRAZELTON
Attorneys for Defendant
CHRISTOPHER CHAPMAN

## JUDGMENT

The Court, having considered the Parties' stipulation and good cause appearing, the Proposed Request for Entry of Summary Judgment in favor of Plaintiff Maxum Indemnity Company on its declaratory relief cause of action is hereby adopted as provided above.

IT IS SO ORDERED.

DATED: January 10, 2014

_____
United States District Judge